El Pueblo, Demandante y Apelado, *v.* Beauchamps, Acusado y Apelante.

Apelación procedente de la Corte de Distrito de Aguadilla en causa por infracción de la Ley de Pesas y Medidas.

No. 1171.—Resuelto en julio 17, 1917.

Infracción Ley Pesas y Medidas—Pesas y Medidas—Transacciones Industriales y Comerciales—Recolección de Frutos—Trabajos Agrícolas.— La Ley de Pesas y Medidas de agosto 18, 1913, (Leyes 1914, No. 135, p. 103), promulgada para establecer sistemas modelos de pesas y medidas en las transacciones industriales y comerciales, no es aplicable a las medidas que se usen en la recolección de frutos de una finca agrícola, pues no se trata de una operación o transacción industrial, sino simplemente de un trabajo agrícola.

Id.—Id.—Industria.—No hay excepciones ni palabra alguna en la Ley de Pesas y Medidas, ni existe otra ley relacionada con ella, acerca de que la intención de la legislatura fué la de que la palabra ''industria'' se aplicara en el sentido más lato y no en el que tiene en la ciencia económica.

Id.—Id.—Almud—Reglamentos Ejecutivos.—No siendo una industria la mera recolección de frutos pendientes, el hecho de usarse un envase con capacidad de un almud para pagar a los cogedores de café en uva, medida que es distinta de las ordenadas por la ley para transacciones industriales y comerciales, no cae bajo las disposiciones de la Ley No. 135 de 1913, aunque el Reglamento No. 14 del Secretario de Puerto Rico de 20 de octubre de 1914 haya dispuesto que en la recolección y traspaso del café en uva se usen las medidas ordenadas por la ley, pues ésta nada dispone para la recolección de frutos.

Los hechos están expresados en la opinión.

Abogado del apelante: Sr. *José D. Rodríguez.*

Abogado del apelado: Sr. *Salvador Mestre, Fiscal.*

El Juez Asociado Sr. Aldrey, emitió la opinión del tribunal.

El apelante fué condenado porque siendo mayordomo de la hacienda de café de Baltasar Márquez usaba una medida ilegal para medir café en uva a los cogedores, consistiendo dicha medida en una lata de gas con capacidad supuesta de un almud, sin que esta hubiese sido autorizada oficialmente.

En la corte inferior alegó la excepción previa de que no se le imputan hechos constitutivos de delito porque la ley de pesas y medidas y su reglamento se refieren a transacciones industriales y comerciales y no se le acusa de que realizara alguna de estas transacciones toda vez que el medir café en uva a los cogedores de la hacienda indica que la medida se

usaba en servicios o trabajos agrícolas, los que no están comprendidos en la ley.   También se fundó en que habiendo realizado los hechos que se le imputan como empleado o mayordomo del Sr. Márquez, es a éste a quien debe perseguirse y no a su empleado.   Las cuestiones propuestas en la excepción las ha reproducido ante nosotros en este recurso.

La ley de pesas y medidas de 18 de agosto de 1913, que se encuentra en el tomo de leyes de 1914, se promulgó para establecer sistemas modelos de pesas y medidas en las transacciones industriales y comerciales, y convenimos con el apelante en que la recolección del fruto de una finca agrícola no es una operación o transacción industrial sino simplemente un trabajo agrícola.

En el caso de *El Pueblo* v. *Gillies & Woodward,* 20 D. P. R. 500 se consideró detenidamente el alcance y significado de la palabra "industria" para determinar si una barbería era o nó un establecimiento industrial a los efectos de la ley que ordenaba el cierre de los establecimientos comerciales e industriales en determinados días y horas.   En él dijimos que a la palabra "industria" pueden darse las siguientes significaciones:

"Industria es el conjunto de las operaciones mediante las cuales el hombre modifica y apropia para su uso las materias de que no podría servirse en su estado natural, en cuyo sentido se opone la industria a la agricultura y al comercio * * * ocupación o trabajo que se emplea en la agricultura, fábricas, comercio o artes mecánicas."   Diccionario Salvat, Tomo V, página 770.

"La ciencia económica obra lógicamente al limitar el significado de la palabra 'industria,' asignándola solamente al estudio del hombre como productor inmediato de riqueza y no al hombre como ser activo en general, al hombre en el ejercicio de todas sus facultadas * * * y no es raro por lo tanto que se emplee la palabra *industria* para designar la totalidad, el conjunto del trabajo humano, sin distinción de especies en la infinita variedad de sus aplicaciones * * *.   Se da también a la voz *industria* una acepción que no admite la ciencia económica para evitar una confusión y un error.   En efecto, con gran frecuencia se emplea esta palabra como sinónima de 'trabajo,' cuando en realidad tienen estos dos términos

significaciones claramente distintas. Se entiende por trabajo el ejercicio puro y simple de las fuerzas físicas o de las facultades intelectuales del hombre: así, pues, cuando basta el empleo de estas fuerzas o facultades para producir riqueza, puede indistintamente decirse que el hombre trabaja o que ejerce una industria, mas esto pocas veces ocurre: casi siempre, para producir, es necesario no sólo el trabajo sino el concurso del capital y todos los agentes naturales. La producción es, pues, la resultante de un conjunto de combinaciones de las cuales el trabajo no es sino uno de los elementos. A este conjunto de combinaciones es al que se llama industria.'' Diccionario Enciclopédico Hispano-Americano de Literatura, Ciencias y Artes. Montaner & Simón, Editores, Barcelona. Tomo 10, página 864.

''Industria.—La ocupación o el trabajo que se emplea en la agricultura, artes, fábricas y comercio * * *. La ciencia, habilidad y destreza que tiene una persona en el ejercicio de la profesión arte u oficio a que se dedica.'' 3 Escriche, Diccionario de Legislación, 230.

''Industria.—Trabajo productivo; específicamente, trabajo realizado en la fabricación, industria o manufactura * * *.'' Century Dictionary, Vol. IV, 3071.

En ese caso después de tener en cuenta esas definiciones, una sentencia que declaraba que un barbero es un mecánico, que dentro de la ciencia económica una barbería puede ser un establecimiento industrial si se acepta el sentido más lato que se da a la palabra industria, que el barbero ejerce una industria mecánica, que las excepciones contenidas en la ley demostraban la intención en la legislatura de no dar en ella a la palabra industria la sola acepción que tiene en la ciencia económica sino cualquiera otra más lata en armonía con los fines que perseguía y que en otra ley posterior inmediata se incluyeron las barberías a los efectos de pagar contribución por patentes industriales y de comercio, llegó esta Corte Suprema a la conclusión de que las barberías eran establecimientos industriales a los efectos de la ley sobre cierre que entonces se consideraba.

El caso que resolvemos ahora, no se halla en las condiciones del que acabamos de mencionar y por tanto no podemos

llegar a la misma conclusión que entonces alcanzamos. No hay excepciones ni palabra alguna en la ley de pesas y medidas por la que pueda llegarse a la conclusión de que la intención de la legislatura fué la de que la palabra industria se aplicara en su sentido más lato y no en el que tiene en la ciencia económica, ni existe otra ley relacionada con aquella que pueda darnos a conocer esa intención. Para que pueda decirse que se ejerce una industria es necesario que exista algo más que el simple ejercicio de la fuerza física que representa el coger el fruto pendiente de un arbol, como el café en uva de los cafetos, por lo que no podemos declarar que la mera recolección de los frutos pendientes sea una industria aunque puede ser que ese acto reunido a otros posteriores de inteligencia para modificar o mejorar el producto recogido pueda constituir en conjunto una industria, en cuyo sentido puede llamarse industria cafetera, por ejemplo, a la siembra, recolección y preparación para el comercio del café, pero la recolección del fruto solamente, repetimos, no es una industria sino un trabajo agrícola.

Por consiguiente, el hecho de usar el apelante para pagar a los cogedores de café en uva de la finca que administra una medida distinta de las ordenadas por la ley para transacciones industriales y comerciales no cae bajo las disposiciones de la ley por cuya infracción se le castigó, aunque el Reglamento de 20 de octubre de 1914 haya dispuesto que en la recolección y traspaso del café en uva se usen las medidas ordenadas por la ley para transacciones industriales o comerciales, ya que la ley nada dispuso para la recolección de frutos.

La sentencia apelada debe ser revocada y dictarse otra absolutoria.

> *Revocada la sentencia apelada y absuelto el acusado.*

Jueces concurrentes: Sres. Asociados Wolf, del Toro y Hutchison.

El Juez Presidente Sr. Hernández no intervino en la resolución de este caso.