EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* CENTRAL CAMBALACHE, INC., acusada y apelante.

No. 5638.—*Sometido:* Diciembre 11, 1934. *Resuelto:* Febrero 15, 1935.

*M. Santoni* y *M. Cadilla Ginorio*, abogados de la apelante; *R. A. Gómez, Fiscal,* y *Luis Janer, Fiscal Auxiliar,* abogados de El Pueblo, apelado.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del tribunal.

El Fiscal del Distrito de Arecibo formuló acusación contra la Central Cambalache imputándole una infracción a la sección 12 de la Ley No. 135 de 1913 (pág. 107)—Ley de Pesas y Medidas—consistente en haber usado para medir un trabajo de zanjeo que realizaban unos trabajadores suyos y que habían ajustado a treinta centavos la cuerda lineal, una vara de madera que no había sido contrastada según dispone la ley.

Declarada sin lugar una excepción previa formulada por la Central, fué la causa a juicio y quedó comprobado que se usaba en efecto para medir la cuerda lineal de zanjeo una vara de madera no contrastada que, según manifestó un testigo, se conocía generalmente con el nombre de vara conuquera y tenía de largo tres varas castellanas. Medida veinte y cinco veces daba la cuerda de setenta y cinco varas que servía de base al ajuste del trabajo. La corte declaró culpable a la Central no sólo de la infracción imputádale específicamente si que además de la prevista en la sección 14 de la Ley No. 135 de 1913 (pág. 107), enmendada por la Ley No. 30 de 1921 (pág. 181) consistente en haber usado una medida no autorizada por la ley.

No conforme la Central, apeló. Insiste en que la acusación no le imputa un delito y sostiene que los hechos que se probaron en el juicio tampoco demuestran la comisión de un delito público. El Fiscal se allanó al recurso por entender que se trata de una transacción agrícola no cubierta por la

ley de acuerdo con lo resuelto por este tribunal en el caso de *El Pueblo* v. *Beauchamps,* 25 D.P.R. 602.

En 18 de agosto de 1913 quedó aprobada la Ley No. 135 de la Legislatura de Puerto Rico por virtud de la cual se dispuso que el sistema métrico decimal de pesas y medidas y el sistema imperial usado comúnmente en los Estados Unidos en todo aquello que se describiera en la ley, se reconocían y establecían para emplearse en todas las transacciones comerciales e industriales que se verificaran en la Isla, con las excepciones expresadas, declarándose ilegal el uso en dichas transacciones de cualquier otro sistema. Sección primera de la ley.

El sistema métrico decimal regía en la isla desde mucho antes. Se aplicó en España por ley de 19 de julio de 1849 cuyas disposiciones se hicieron extensivas a Cuba y Puerto Rico por Real Decreto de abril 22, 1882. El reglamento para la ejecución de la ley también se aprobó en abril 22, 1882. Es extenso y completo. 128 Colección Legislativa de España 592.

La cuerda, usada desde tiempo inmemorial en Puerto Rico, no forma parte del sistema métrico decimal. Su uso, sin embargo, persistió. Miles de títulos inscritos en los registros de la propiedad contienen la medida de las fincas en cuerdas con su equivalencia al sistema métrico decimal. Artículo 9, No. 1, Ley Hipotecaria.

La propia Ley No. 135 de 1913, dice en su sección 4:

" . . . En las mensuras de terrenos y en los documentos relativos a las mismas podrá emplearse también la cuerda comúnmente usada en Puerto Rico que será equivalente a 4046.94455 metros cuadrados."

En los trabajos agrícolas—arado, siembra y limpieza de plantaciones y recolección de frutos—continuó también usándose la cuerda como unidad de medida para calcular el trabajo y pagar su importe. Y sostiene la apelante que la cuerda no sólo se usaba y se usa como medida de superficie, si que de longitud, y cita la "Memoria sobre todos los ramos

de la administración de la Isla de Puerto Rico, presentada al Gobierno Central, por el Coronel de Infantería Don Pedro Tomás de Córdoba, en 1838, por comisión del Ecmo. Sr. Gobernador y Capitán General de la Isla de Puerto Rico, teniente-general Don Miguel de Latorre, Conde de Torre Pando (Madrid, Imprenta de Yenes.—1838)," en cuya página 49, se dice:

"MEDIDA AGRARIA DE PUERTO RICO.—En esta isla se denomina 'caballería' la medida agraria. Consta de 10 cuerdas de frente y de 20 de fondo o largo. La cuerda tiene 25 varas de tarea, y ésta tres de Castilla. Por tanto compone 200 cuerdas de área o 1,925,000 varas de Castilla, y viene a ser un 25 mayor que la de Santo Domingo: contiene también 6 caballerías de Cuba."

La prueba tiende en verdad a demostrar que en efecto úsase la cuerda en los trabajos agrícolas como una medida lineal de setenta y cinco varas.

Ante la realidad, la Legislatura, en mayo 6, 1919, Leyes de 1919, p. 105, legalizó el uso de la cuerda en algo más que en las mensuras de terrenos. Enmendó la sección 16 de la Ley No. 135 de 1913. (Leyes de 1913-1914, pág. 103) como sigue:

"Sección 16.—Toda transacción que implique la compra, venta, traspaso o transporte de cualquier propiedad o de cualesquiera artículos, artefactos o mercancías, o la compra o venta de cualquier trabajo, tarea o servicio cuya remuneración deba ajustarse sobre la base de peso, o sobre una base de medida que no sea la del tiempo, se llevará a cabo de conformidad con las pesas y medidas autorizadas por esta Ley; *Disponiéndose,* que la compra y venta de aquellos artículos, efectos o mercancías que usual o comúnmente se venden o tratan por artículo, pieza o número, no constituirá una infracción de esta Ley, ni tampoco el uso de la medida denominada *cuerda,* cuando ésta se emplee en ajustes de trabajos agrícolas."

Y la apelante sostiene que disponiendo expresamente la ley que el uso de la cuerda en tales trabajos no constituirá una infracción a la misma, no ha delinquido al usarla como le imputa la denuncia y demuestra la prueba que la usó para tales fines en este caso.

Autorizada la cuerda, parece lo natural que se contraste para poderse usar debidamente lo mismo que las otras medidas establecidas por la ley, pero hay que reconocer que la contención de la apelante, dada la forma de la autorización, es seria.

La propia prueba del Pueblo demostró que el Negociado de Pesas y Medidas del Gobierno Insular no tiene patrón para contrastar la vara castellana, o la conuquera de tres varas que generalmente se emplea para medir las veinte y cinco que constituyen la cuerda.

Pero hay algo más que milita en pro de la revocación de la sentencia y es la decisión de esta corte invocada por el fiscal para adherirse al recurso. Nos referimos al caso de *El Pueblo* v. *Beauchamps,* supra.

En dicho caso se imputó a Beauchamps una infracción a la Ley de Pesas y Medidas consistente en haber usado para medir el café recolectado por los cogedores una lata de gas con capacidad supuesta de un almud, sin que la medida hubiera sido autorizada oficialmente.

En el curso de la opinión de esta corte, emitida por su Juez Asociado Sr. Aldrey, se dijo:

"En la corte inferior alegó el acusado la excepción previa de que no se le imputan hechos constitutivos de delito porque la ley de pesas y medidas y su reglamento se refieren a transacciones industriales y comerciales y no se le acusa de que realizara alguna de estas transacciones toda vez que el medir café en uva a los cogedores de la hacienda indica que la medida se usaba en servicios o trabajos agrícolas, los que no están comprendidos en la ley. . . .

"La ley de pesas y medidas de 18 de agosto de 1913, que se encuentra en el tomo de leyes de 1914, se promulgó para establecer sistemas modelos de pesas y medidas en las transacciones industriales y comerciales, y convenimos con el apelante en que la recolección del fruto de una finca agrícola no es una operación o transacción industrial sino simplemente un trabajo agrícola.

". . . Para que pueda decirse que se ejerce una industria es necesario que exista algo más que el simple ejercicio de la fuerza física que representa el coger el fruto pendiente de un árbol, como el café

en uva de los cafetos, por lo que no podemos declarar que la mera recolección de los frutos pendientes sea una industria aunque puede ser que ese acto reunido a otros posteriores de inteligencia para modificar o mejorar el producto recogido pueda constituir en conjunto una industria, en cuyo sentido puede llamarse indstria cafetera, por ejemplo, a la siembra, recolección y preparación para el comercio del café, pero la recolección del fruto solamente, repetimos, no es una industria sino un trabajo agrícola.

"Por consiguiente, el hecho de usar el apelante para pagar a los cogedores de café en uva de la finca que administra una medida distinta de las ordenadas por la ley para transacciones industriales y comerciales no cae bajo las disposiciones de la ley por cuya infracción se le castigó, aunque el Reglamento de 20 de octubre de 1914 haya dispuesto que en la recolección y traspaso del café en uva se usen las medidas ordenadas por la ley para transacciones industriales o comerciales, ya que la ley nada dispuso para la recolección de frutos."

Aquí, como en el caso de Beauchamps, se trata de un trabajo agrícola no comprendido en las transacciones industriales o comerciales reguladas por la ley. Su sección 12, cuya infracción se imputa, ordena: "A partir del primero de febrero de 1914, no se usará en ninguna transacción industrial o comercial ninguna . . . medida . . . hasta que haya sido . . . contrastado . . . " Y la 14 que la corte consideró infringida: "Ninguna persona usará . . . ninguna . . . medida . . . que no se ajuste a las . . . medïdas modelos que en esta Ley se prescriben . . ." Leyes de 1913, sesión extraordinaria, p. 106, y Leyes de 1921, p. 179.

La decisión en el caso de Beauchamps se rindió en 1917 y nada en contrario ha dispuesto la Legislatura, no obstante haber enmendado la ley en 1919 y 1921. Al contrario, la enmienda de 1919 fué la que dispuso que el uso de la medida cuerda en el ajuste de trabajos agrícolas no constituirá una infracción a la ley.

Bajo tales circunstancias, no es posible considerar delictivo el uso de una vara conuquera no contrastada para medir la cuerda en ajustes de trabajos agrícolas, debiendo en

tal virtud declararse con lugar la apelación y revocarse la sentencia recurrida absolviéndose a la acusada.